UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**KENNETH A. LAKRIN,**

    **Plaintiff,**

v.                                        Case No.:

**TRI-STATE LIFE SAFETY & ELECTRIC
SYSTEMS, INC.,**

    **Defendant.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Kenneth A. Larkin, by and through undersigned counsel, herby sues Tri-State Life Safety & Electric Systems, Inc. ("Defendant") and in support of states as follows:

## NATURE OF ACTION

1. This is an action for monetary damages, costs, and reasonable attorney's fees to redress Defendant's violations of Plaintiff's rights under the Americans with Disabilities Act, as amended, 42 U.S.C. § 12101 *et. seq.* ("ADAAA") and the Florida Civil Rights Act ("FCRA").

## JURISDICTION AND VENUE

2. This Court has jurisdiction of the claims herein pursuant to 28 U.S.C. §§ 1331 and 1343, as this action involves federal questions regarding the deprivation of Plaintiff's rights under the ADAAA.

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to this action, including the unlawful employment practices alleged herein, occurred in this district.

## PARTIES

4. Plaintiff is a resident of Hillsborough County, Florida.

5. Defendant is a Florida Profit Corporation that conducts and carries out substantial business activities in the State of Florida and within Pinellas County.

6. Plaintiff worked for Defendant in Pinellas County, Florida and throughout the State of Florida.

7. At all times mentioned herein, before and after, the persons responsible for perpetrating discriminatory actions against Plaintiff were agents, servants, and employees of Defendant and were at all times acting within the scope and course of their agency and employment, and/or the actions were expressly authorized by Defendant and/or their actions were ratified by Defendant, thus making Defendant liable for said actions.

8. Plaintiff is considered an "employee" within the meaning of the ADAAA, 42 U.S.C. § 12101, *et. seq.* and the FCRA.

9. Defendant is considered an "employer" within the meaning of the ADAAA, 42 U.S.C. § 12101, *et. seq.* and the FCRA.

10. Plaintiff is "disabled" as defined by the ADAAA.

11. Defendant knew of Plaintiff's disability.

12. Plaintiff was a "qualified individual" as defined by the ADAAA during his employment with Defendant.

13. Plaintiff has a "handicap" within the meaning of the FCRA.

14. Defendant knew of Plaintiff's "handicap" during his employment.

15. Plaintiff was a "qualified individual" as defined by the FCRA during his employment with Defendant.

## PROEDURAL REQUIREMENTS

16. Plaintiff timely dual-filed a charge of discrimination against Defendant with the Florida Commission on Human Relations ("FCHR") and the Equal Employment Opportunity Commission ("EEOC") on or about October 29, 2019.

17. The EEOC issued a "Notice of Right to Sue" letter on September 24, 2020 authorizing an action to be commenced within ninety (90) days of receipt of that letter.

18. This complaint was filed within ninety (90) days of receipt of the "Notice of Right to Sue" letter.

19. The FCHR issued a "Notice of Dismissal" letter on August 26, 2020 authorizing a civil action to be commenced in a court of competent jurisdiction within one (1) year of receipt of that letter.

20. This complaint was filed within one (1) year of receipt of the "Notice of Dismissal" letter.

## STATEMENT OF FACTS

21. On or about September 27, 2018 Plaintiff interviewed with Donna Sharp ("Ms. Sharp"), President/Chief Executive Office of Defendant, for a lead technician position.

22. During the interview on or about September 27, 2018, Plaintiff disclosed to Ms. Sharp that he suffered from abuse and trauma as a child.

23. The abuse and trauma have caused Plaintiff to suffer from depression and anxiety.

24. On or about October 8, 2018 Plaintiff began his employment with Defendant as a lead technician.

25. Plaintiff was subsequently informed that he would be assigned to a project in Jacksonville, Florida, beginning on or about December 3, 2018, that the project would last for a couple of weeks and that he would be sharing a hotel bedroom with a co-worker.

26. Plaintiff telephoned his supervisor, Mitch Price ("Mr. Price") and informed him that due to his disability/handicap he needed a single occupancy hotel bedroom, but this request was summarily denied.

27. Subsequently, Plaintiff elevated his request to Ms. Sharp, but his request was again denied.

28. Due to the denial of the accommodation, Plaintiff was forced to drive back and forth several hundreds of miles each day to Jacksonville, Florida from Tampa, Florida.

29. The following week, Defendant sent a similarly situated non-disabled/non-handicapped co-worker, Yosneil (last name unknown), to the same worksite and he was given his own single occupancy hotel room while the Plaintiff's request for his own single occupancy hotel room was denied.

30. In late December 2018, Plaintiff was informed by Defendant, in writing, that if he was sent out of town and required his own single occupancy hotel room that his request for an accommodation would be denied. Further, Plaintiff was advised that the Defendant would not reimburse him for any travel cost due to the denial of his accommodation request.

31. In January 2019, Plaintiff worked on jobsites in Panama City, FL and Jacksonville, FL wherein he requested a single occupancy hotel room, but this request was denied.

32. In January 2019, Plaintiff informed Defendant that the failure to accommodate him was causing Plaintiff extreme financial hardship due to the travel cost and the extensive travel was exacerbating his depression and anxiety.

33. Defendant still refused to accommodate Plaintiff.

34. Defendant's failure to accommodate Plaintiff caused his working conditions to become so intolerable that he had no choice to constructively terminate his employment.

35. Plaintiff, on or about February 4, 2019, constructively terminated his employment.

36. Plaintiff has satisfied all conditions precedent, or they have been waived.

37. Plaintiff has retained the undersigned the undersigned attorney and agreed to pay him a fee.

## CLAIMS FOR RELIEF

### Count I – Discrimination in violation of the ADAAA

38. All allegations prior to Count I are reallaged and incorporated herein.

39. At all times relevant to this action, Plaintiff was and is a qualified individual with a disability within the meaning of the ADAAA in that Plaintiff is capable of performing all essential functions of his employment position with or without a reasonable accommodation.

40. Plaintiff has an actual disability, has a record of being disabled, and/or is perceived as being disabled by Defendant.

41. Defendant is prohibited under the ADAAA from discriminating against Plaintiff because of his disability with respect to compensation, terms, conditions, or privileges of employment.

42. Defendant failed to engage in the required interactive process of evaluating and responding to Plaintiff's request to accommodate his disability, failed to establish that the requested accommodation was an undue hardship, and failed to reasonably accommodate Plaintiff's disability.

43. Defendant violated the ADAAA by unlawfully discriminating against Plaintiff by making his working conditions so intolerable that he had no choice but to constructively terminate his employment.

44. As a direct and proximate cause of Defendant's constructive discharge, Plaintiff has been damaged and is entitled to relief set forth in the Prayer for Relief below.

## Count II – Discrimination in Violation of the FCRA

45. All allegations prior to Count I are reallaged and incorporated herein.

46. At all times relevant to this action, Plaintiff was and is a qualified individual with a handicap within the meaning of the FCRA in that Plaintiff is capable of performing all essential functions of his employment position with or without a reasonable accommodation.

47. Plaintiff has an actual handicap, has a record of being handicapped, and/or is perceived as being handicapped by Defendant.

48. Defendant is prohibited under the FCRA from discriminating against Plaintiff because of his handicap with respect to compensation, terms, conditions, or privileges of employment.

49. Defendant failed to engage in the required interactive process of evaluating and responding to Plaintiff's request to accommodate his handicap, failed to establish that the requested accommodation was an undue hardship, and failed to reasonably accommodate Plaintiff's disability.

50. Defendant violated the FCRA by unlawfully discriminating against Plaintiff by making his working conditions so intolerable that he had choice but to constructively terminate his employment.

51. As a direct and proximate cause of Defendant's constructive discharge, Plaintiff has been damaged and is entitled to relief set forth in the Prayer for Relief below.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests:

(a) That process issue and that this Court take jurisdiction over the case;

(b) Judgement against Defendant in the amount of Plaintiff's back wages and back benefits, front-pay, compensatory damages, including emotional distress damages, in an amount to be proved at trial, liquidated damages, punitive damages, and prejudgment interest thereon;

(c) All costs and reasonable attorney's fees in litigating this matter (including expert fees); and

(d) For such further relief as this Court deems just and equitable.

### JURY DEMAND

Plaintiff hereby requests a trial by jury on all triable issues herein.

Respectfully submitted this 22nd day of October, 2020 by:

/s/ Jason B. Woodside
Jason B. Woodside, Esq.
FL Bar No. 104848
Woodside Law, P.A.
100 South Ashley Drive
Suite 600
Tampa, FL 33602
T: (813) 606-4872

7

F: (813) 333-9845
Email: Jason@woodsidelawpa.com
*Trial Counsel for Plaintiff*